FILED
CLERK, U.S. DISTRICT COURT
8/29/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ASI DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2025 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

TREVOR LYONS,
aka "Herbdoc,"
aka "Herbdoc84@yahoo.com,"
aka "DeFiSamurai420,"
aka "DeFi Samurai,"
aka "HerbDoc84,"
aka "HerbDoc805,"
aka "Carly,"

Defendant.

CR 2:25-cr-00710-SRM

I N D I C T M E N T

[18 U.S.C. §§ 2251(a), (e): Sexual Exploitation and Attempted Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction; 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. § 2422(b): Attempted Enticement of a Minor to Engage in Criminal Sexual Activity; 18 U.S.C. §§ 2253 and 2428: Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 2251(a), (e)]

On or about May 23, 2020, in Ventura County, within the Central District of California, and elsewhere, defendant TREVOR LYONS, also known as "Herbdoc," "Herbdoc84@yahoo.com," "DeFiSamurai420," "DeFi Samurai," "HerbDoc84," "HerbDoc805," and "Carly," knowingly employed, used, persuaded, induced, enticed, and coerced Victim 2, who had not attained the age of 18 years, to engage in sexually explicit conduct,

as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, images titled "8D11D41D-6C3C-466A-8398-831AF0A8C807" and "4CA7CB40-933F-4203-A017-A42B66B4DB46," knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT TWO

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

Beginning on or about August 18, 2024, and continuing to on or about September 4, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant TREVOR LYONS, also known as "Herbdoc," "Herbdoc84@yahoo.com," "DeFiSamurai420," "DeFi Samurai," "HerbDoc84," "HerbDoc805," and "Carly," knowingly distributed images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, a cellular phone, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular phone, knowing that the images were child pornography.

The child pornography that defendant LYONS distributed included the following:

1. An image titled F139D64A-3871-479-B19D-5A8E9C4516E9;

2. An image titled 2D361E81-0D98-40A4-851B-CDE707E887E4;

3. An image titled ACFD39C7-5EC0-4CC8-A3DB-939A19D8DFE8;

4. An image titled IMG_20240821_230343_756;

5. An image titled IMG_20240821_230343_791;

6. An image titled IMG_20240821_230343_676;

7. An image titled IMG_20240821_230350_497; and

8. A video titled VID_20240821_230354_109.

COUNT THREE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about October 10, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant TREVOR LYONS, also known as "Herbdoc," "Herbdoc84@yahoo.com," "DeFiSamurai420," "DeFi Samurai," "HerbDoc84," "HerbDoc805," and "Carly," knowingly distributed images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, a cellular phone, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular phone, knowing that the images were child pornography.

The child pornography that defendant LYONS distributed included the following:

1. An image titled A63B0AD3-FD7E-4A48-8A4E-4B920653080F.jpg; and

2. An image titled 82805015-5B88-4CE8-9AB-5030A86803A6.jpg.

COUNT FOUR

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

Beginning on or about November 26, 2024, and continuing until at least December 1, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant TREVOR LYONS, also known as "Herbdoc," "Herbdoc84@yahoo.com," "DeFiSamurai420," "DeFi Samurai," "HerbDoc84," "HerbDoc805," and "Carly," knowingly distributed images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, a cellular phone, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular phone, knowing that the images were child pornography.

The child pornography that defendant LYONS distributed included the following:

1. An .mp4 file titled 5913E27288CE164B3C9BA082D3FF25B9;

2. An image titled DDA24D87-217E-470C-89A6-788EBF366816.jpg;

3. An image titled 668FDF64-5970-42F2-BA7D9BD24B33D72B.jpg; and

4. An image titled 5A5C1179-B9E3-4C58-A431-B4FF33941620.jpg.

COUNT FIVE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about November 27, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant TREVOR LYONS, also known as "Herbdoc," "Herbdoc84@yahoo.com," "DeFiSamurai420," "DeFi Samurai," "HerbDoc84," "HerbDoc805," and "Carly," knowingly distributed an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, a cellular phone, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular phone, knowing that the image was child pornography.

The child pornography that defendant LYONS distributed included an .mp4 file titled 6E1BE3E6B932EDA3A53724E36EC2E41.

COUNT SIX

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about December 1, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant TREVOR LYONS, also known as "Herbdoc," "Herbdoc84@yahoo.com," "DeFiSamurai420," "DeFi Samurai," "HerbDoc84," "HerbDoc805," and "Carly," knowingly distributed images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, a cellular phone, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular phone, knowing that the images were child pornography.

The child pornography that defendant LYONS distributed included the following:

1. An .mp4 file titled 5913e27288CE164B3C9BA082D3FF25B9;

2. An image titled E6F85D89-2150-4366-9640-3959EF3356FB.jpg; and

3. An image titled D77DDA85-F256-446B-9FC6-EE6FDDCD66AA.jpg.

COUNT SEVEN

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about December 4, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant TREVOR LYONS, also known as "Herbdoc," "Herbdoc84@yahoo.com," "DeFiSamurai420," "DeFi Samurai," "HerbDoc84," "HerbDoc805," and "Carly," knowingly distributed images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, a cellular phone, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, the Internet, and cellular phone, knowing that the images were child pornography.

The child pornography that defendant LYONS distributed included the following:

1. An image titled 7ED32F57-F679-4790-8CC2-31F0A2EEF42E.jpg;

2. An image titled 0F601BDE-2F19-4601-8CFC-BDAF6546971B.jpg; and

3. An image titled 12A03B5C-A4DE-40F0-8D6D-80F912645106.jpg.

COUNT EIGHT

[18 U.S.C. §§ 2251(a), (e)]

Beginning on or about September 9, 2024, and continuing to on or about November 25, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant TREVOR LYONS, also known as "Herbdoc," "Herbdoc84@yahoo.com," "DeFiSamurai420," "DeFi Samurai," "HerbDoc84," "HerbDoc805," and "Carly," knowingly attempted to employ, use, persuade, induce, entice, and coerce a minor, specifically, a person he believed to be a minor girl, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

COUNT NINE

[18 U.S.C. § 2422(b)]

Beginning on or about August 18, 2024, and continuing to on or about December 17, 2024, in Ventura County, within the Central District of California, and elsewhere, defendant TREVOR LYONS, also known as "Herbdoc," "Herbdoc84@yahoo.com," "DeFiSamurai420," "DeFi Samurai," "HerbDoc84," "HerbDoc805," and "Carly," used a facility and means of interstate and foreign commerce, namely, the Internet and a cellular phone, to knowingly attempt to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, namely, a person whom defendant believed to be a 12-year-old girl (the "UC Child"), to engage in sexual activity for which a person can be charged with a criminal offense, namely, Lewd and Lascivious Acts with a Minor Child Under 14 Years Old, in violation of California Penal Code Section 288(a).

In attempting to commit this offense, defendant LYONS did something that was a substantial step toward committing the offense, including the following acts, among others:

1. On or about August 18, 2024, defendant LYONS, via Kik, exchanged messages with an individual (the "UC Dad") he met in a Kik group with the username "Daulove," who identified himself as a 43-year-old father from California, but who was, in fact, an undercover law enforcement officer. Defendant LYONS messaged the UC Dad that defendant LYONS was also a father and that he was 40 years old.

2. On or about August 18, 2024, defendant LYONS, via Kik, messaged the UC Dad, "hey how old is your dau[ghter]? Mine is 17 now." When the UC Dad said that his daughter was 12 years old,

defendant LYONS responded, "Oooof. A tad young but do you have pics? I have pics from when mine was 15."

3. On or about August 21, 2024, defendant LYONS continued communicating regarding topics of a sexual nature with the UC Dad via Telegram.

4. On or about September 8, 2024, defendant LYONS expressed an interest in communicating with the UC Dad's "daughter" (the "UC Child"), stating, "I'd love to see how much of a freak she is." Defendant LYONS believed the UC Child was a 12-year-old girl. The UC Child was, in fact, an undercover law enforcement officer.

5. On or about September 9, 2024, defendant LYONS, via Discord, sent the UC Child a friend request. After the UC Child accepted the friend request, defendant LYONS, via Discord, asked the UC Child her age, and the UC Child responded, "12."

6. On or about September 9, 2024, defendant LYONS, via Discord, messaged the UC Child that defendant LYONS was 40 years old and asked, "Do you like older guys."

7. On or about September 9, 2024, defendant LYONS, via Discord, asked the UC Child if she had ever seen a penis before. Defendant LYONS also asked, "You sucked it too?" Defendant LYONS then messaged the UC Child, "Teaching could be fun 😇" and "I'd teach you."

8. On or about September 9, 2024, defendant LYONS, via Discord, sent the UC Child an image of an erect penis and messaged, "First you should lick the head a little."

9. On or about September 9, 2024, defendant LYONS, via Discord, sent the UC Child a video of an adult male masturbating and messaged, "would you suck mine" and "Can I put it in your mouth? And

I'll just fucc your mouth for a little while so you can get the hang of it."

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Eight of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to the following which was seized by law enforcement on December 17, 2024:

1. One Samsung Galaxy Z Flip 4 with an IMEI of 352032770449921;

2. One iPhone 16 with an IMEI of 352657196822028;

3. One Apple iPad 3.

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 2428]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428, in the event of the defendant's conviction of the offenses set forth in Count Nine of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense;

(b) All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the traceable to gross profits or other proceeds obtained from the commission of the offense; and

//

//

//

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

A TRUE BILL

/S/
Foreperson

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

KEVIN J. BUTLER
Assistant United States Attorney
Acting Chief, Major Crimes Section

KELLYE NG
Assistant United States Attorney
Major Crimes Section